Comanche County, Texas, having been theretofore and was then prohibited in said Comanche County, Texas, by the laws of said State."

It is not sufficiently alleged that the sale of intoxicating liquor had been prohibited in Comanche county. It should have been averred that an election to determine whether the sale should be prohibited had been held under an order of the commissioners' court for that purpose. Also it was essential to allege that the commissioners' court canvassed the election returns and declared the result. Again, an essential averment was that the result had been published as required by the law in force at the time of the election. See Jack Kelly v. State (Tex.Cr.App.) 98 S.W.(2d) 998, delivered November 18, 1936.

The judgment is reversed, and the prosecution ordered dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

R. G. Robertson, of Port Arthur, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is aggravated assault; penalty assessed at a fine of $50.

Upon an indictment charging an assault with intent to murder, the appellant was convicted of an aggravated assault.

The record is before us without statement of facts or bills of exception, in the absence of which nothing is presented for review.

The judgment is affirmed.

## PLEASANT v. STATE.

No. 18722.

Court of Criminal Appeals of Texas.

Jan. 20, 1937.

Rehearing Denied Feb. 10, 1937.

## Ex parte MORRIS.

No. 18595.

Court of Criminal Appeals of Texas.

Nov. 12, 1936.

Rehearing Denied Jan. 27, 1937.

